**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

10-3703
_____

UNITED STATES OF AMERICA,

v.

JORGE L. DAVILA,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal No. 1-09-cr-00343-001)
District Judge: Hon. William W. Caldwell
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 21, 2011

BEFORE: BARRY, AMBRO and COWEN , Circuit Judges

(Filed: June 30, 2011)
_____

OPINION
_____

COWEN, Circuit Judge.

        Jorge L. Davila appeals from the criminal judgment entered by the United States

District Court for the Middle District of Pennsylvania.  We will affirm, without prejudice

to Davila's right to raise his ineffective assistance of counsel claims in a properly filed 28 U.S.C. § 2255 motion.

I.

On October 21, 2009, Davila was indicted on one count of manufacturing, distributing, and possessing with the intent to manufacture and distribute more than 50 grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. On April 8, 2010, a superseding information was filed, charging him with one count of manufacturing, distributing, and possessing with the intent to manufacture and distribute (an unspecified amount of) cocaine base.

Davila entered a plea agreement, and he pled guilty to the superseding information on April 12, 2010. Pursuant to this agreement, he was to be sentenced to a term of imprisonment of 96 months. A presentence report was then submitted on August 19, 2010. It calculated a base offense level of 28 (based on the 41.5 grams of cocaine base that was found on Davila's person), a total offense level of 25, and a criminal history category of IV, resulting in a Guideline range of 84 to 105 months.

On August 26, 2010, the District Court accepted the plea agreement. A sentencing hearing was then conducted on September 1, 2010. At this hearing, Davila questioned his counsel's performance, claiming, inter alia, that he had been led to believe that his base offense level was 32 and that his attorney never told him that he "was at a Level 28." (AA28.) The District Court then gave him time to speak with his attorney. Following a recess, Davila indicated that he did not wish to withdraw his guilty plea but did "want to

2

file ineffective counsel." (AA29.)  The District Court sentenced Davila to 96 months of imprisonment.

## II.

In this direct criminal appeal,[1] Davila claims that his prior attorney provided constitutionally ineffective assistance of counsel by failing:  (1) "to clearly instruct him regarding his Total Offense Level and the guideline range of incarceration to which he would be exposed;" and (2) to negotiate a sentence incorporating "the soon-to-be implemented changes" for crack cocaine cases.  (Appellant's Brief at 10.).  Nevertheless, his ineffectiveness claims are premature.

A collateral proceeding usually constitutes the preferred mechanism for litigating ineffective assistance of counsel claims.  Accordingly, "[w]e have repeatedly expressed our strong preference for reviewing allegations of ineffective assistance of counsel in collateral proceedings under 28 U.S.C. § 2255 rather than on direct appeal."  United States v. Sandini, 888 F.2d 300, 312 (3d Cir. 1989) (citing Gov't of V.I. v. Forte, 806 F.2d 73, 77-78 (3d Cir. 1986); United States v. Gambino, 788 F.2d 938, 950 (3d Cir. 1986)).  Such claims often involve allegations and evidence that are either absent from, or not readily apparent in, the record on appeal.  See, e.g., id.  Likewise, the Supreme Court has observed that the district court generally constitutes "the forum best suited to developing the facts necessary to determining the adequacy of representation."  Massaro v. United States, 538 U.S. 500, 505 (2003).

---

[1] The District Court possessed subject matter jurisdiction pursuant to 18 U.S.C. § 3231.

3

The government acknowledges that an exception exists "[w]here the record is sufficient to allow determination of ineffective assistance of counsel." United States v. Headley, 923 F.2d 1079, 1083 (3d Cir. 1991) (citing Gov't of V.I. v. Zepp, 748 F.2d 125, 133 (3d Cir. 1984)).  However, it further points out that this exception is not satisfied in the present circumstances.  It appears uncontested that the current record is largely silent regarding, among other things, the prior counsel's specific reasons for negotiating the plea, the additional penalties to which Davila would have been exposed if he had been found guilty of the charge in the original indictment, and what exactly was said by Davila and his prior attorney during the recess at the sentencing hearing.  At this stage, this Court has, as the government observes, "no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive or was taken because the counsel's alternatives were even worse." Massaro, 538 U.S. at 505 (citation omitted).

### III.

We will affirm the judgment of conviction and sentence entered by the District Court.  As the government requests, we will do so without prejudice to Davila's right to raise his ineffective assistance of counsel claims in a properly filed § 2255 motion.

---

We have appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).